# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID JACOBS and GARY HINDES, on behalf of themselves and all others similarly situated, and derivatively on behalf of the Federal National Mortgage Association and Federal Home Loan Mortgage Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> THE FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation, and THE UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendants, <br> and <br><br> THE FEDERAL NATIONAL MORTGAGE ASSOCIATION and THE FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Nominal Defendants. | C.A. No. 15-708 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR CERTIFICATION TO THE DELAWARE AND VIRGINIA SUPREME COURTS

Robert J. Stearn, Jr. (DE Bar No. 2915)
Robert C. Maddox (DE Bar No. 5356)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
stearn@rlf.com
maddox @rlf.com
*Attorneys for Defendants Federal Housing Finance Agency, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation*

Howard N. Cayne (admitted *pro hac vice*)
Asim Varma (admitted *pro hac vice*)
David B. Bergman (admitted *pro hac vice*)
Arnold & Porter LLP
601 Massachusetts Avenue
Washington, DC 20001
(202) 942-5000
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com
*Attorneys for Defendant Federal Housing Finance Agency*

RLF1 13910955v.1

Michael Joseph Ciatti
(admitted *pro hac vice*)
Graciela Maria Rodriguez
(admitted *pro hac vice*)
King & Spalding LLP
1700 Pennsylvania Avenue N.W.
Washington, DC 20006
(202) 626-5508
mciatti@kslaw.com
gmrodriguez@kslaw.com
*Attorneys for Defendant Federal Home Loan Mortgage Corporation*

Paul D. Clement (admitted *pro hac vice*)
D. Zachary Hudson (admitted *pro hac vice*)
Bancroft PLLC
500 New Jersey Avenue NW, 7th Floor
Washington, DC 20001
(202) 640-6528
 pclement@bancroftpllc.com
zhudson@bancroftpllc.com
*Attorneys for Defendant Federal National Mortgage Association*

Benjamin C. Mizer
Principal Deputy Assistant Attorney General

Diane Kelleher
Assistant Branch Director

DEEPTHY KISHORE
THOMAS D. ZIMPLEMAN
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
(202) 514-8095
thomas.d.zimpleman@usdoj.gov

Charles M. Oberly III
United States Attorney

Jennifer L. Hall
Assistant United States Attorney
*Attorneys for Defendant U.S. Dept. of the Treasury*

Dated: February 16, 2016

## INTRODUCTION

In connection with their opposition to Defendants' motions to dismiss, Plaintiffs David Jacobs and Gary Hindes seek certification to the Delaware and Virginia Supreme Courts of the question whether the dividend implemented by the Third Amendment to the Senior Preferred Stock Purchase Agreements between the Department of the Treasury and the Federal Housing Finance Agency ("FHFA"), as Conservator of Fannie Mae and Freddie Mac, violates the corporate law of those states. The questions Plaintiffs seek to have certified are not determinative of the outcome of this case, nor would their answers have application beyond the unique and narrow factual context presented here. Accordingly, certification is not appropriate. As to the merits of the questions, the dividend unquestionably complies with state law, as set forth in Defendants' motions to dismiss and replies in support thereof. FHFA Opening Br. 28-30; Treasury Opening Br. 26-28; FHFA Reply Br. 19-20; Treasury Reply Br. 16-18.

## APPLICABLE LEGAL STANDARDS

This Court has discretion to certify questions of state law to a state's highest court. *See Deutscher Tennis Bund v. ATP Tour, Inc.*, No. CV 07-178, 2013 WL 4478033, at *1 n.1 (D. Del. Aug. 20, 2013). It may certify questions to the Delaware Supreme Court "if there is an important and urgent reason for an immediate determination" because the question is of first impression or the law is unsettled. Del. Sup. Ct. R. 41(a)-(b); *In re Hechinger Inv. Co. of Del.*, 280 B.R. 90, 93 (D. Del. 2002). And it may certify questions to the Virginia Supreme Court if there is no controlling precedent and the question is "determinative . . . before the certifying court." Va. Sup. Ct. R. 5:40; *W. Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 763 (E.D. Va. 1987).

"Certification is a discretionary function and should be utilized with restraint . . . ." *Miller*

*v. N.R.M. Petroleum Corp.*, 570 F. Supp. 28, 29 (N.D.W. Va. 1983). Even though the certification process is available, "cases are not to be routinely certified." *Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 955 (N.D. Ind. 2000). "Prudent exercise of this discretion is important." *W. Am. Ins. Co.*, 673 F. Supp. at 764. Courts should not misuse the certification process to the detriment of the highest state courts by seeking certification unnecessarily. *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997).

## ARGUMENT

### I. The Proposed Question is Not Dispositive.

Federal courts "ought not to request the [state court] to answer a question of law unless and until it appears that the answer is dispositive of the federal litigation or is a necessary and inescapable ruling in the course of the litigation." *Boyter v. C. I. R.*, 668 F.2d 1382, 1385 (4th Cir. 1981).[1] As such, courts should decline to certify a question of state law when federal law may determine the outcome of the case. *Id.* at 1386 ("We hold that that discretion ought not to be exercised to certify a question of state law where a question of federal law is present and undecided, the decision of which may be wholly dispositive of the case.").

That is precisely the situation here. As set forth in Defendants' motions to dismiss, all of Plaintiffs' claims are precluded as a threshold matter by a number of separate and independent bases grounded exclusively in federal law, including (1) the jurisdiction-withdrawal provision contained in 12 U.S.C. § 4617(f) (FHFA Opening Br. 10-18; Treasury Opening Br. 15-18); (2)

---

[1] *See also Remington Arms Co. v. Liberty Mut. Ins. Co.*, 796 F. Supp. 117, 120 (D. Del. 1992) ("The burden placed on the state judiciary counsels restraint [in certification], especially where the questions may not be dispositive." (citation omitted)); *North River Ins. Co. v. Hoechst Celanese Corp.*, No. 134, 1994, 1994 WL 164096, at *1 (Del. Apr. 28, 1994) (affirming that there were no "important and urgent reasons for an immediate determination" by the Delaware Supreme Court because certifying "would not terminate the litigation as there are numerous parties and policies that would remain at issue even if the Court granted [the] petition").

2

FHFA's succession to all shareholder rights during conservatorship (FHFA Opening Br. 18-22; Treasury Opening Br. 18-22); and (3) Treasury's sovereign immunity and the intergovernmental immunity component of the Supremacy Clause (Treasury Opening Br. 9-15, 22). The only other federal court to rule on these issues has held that Plaintiffs' claims are precluded as a threshold matter. *Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208 (D.D.C. 2014); *cf. Cont'l W. Ins. Co. v. Fed. Hous. Fin. Agency*, 83 F. Supp. 3d 828, 840 n.6 (S.D. Iowa 2015). Thus, under prevailing precedent, no basis exists for reaching the state law questions as to which Plaintiffs seek certification; this Court would have to break new ground under federal law for the state law questions to conceivably have relevance, let alone be outcome determinative.

Moreover, Plaintiffs incorrectly view certification as the first step in ruling on the merits of Defendants' motion to dismiss. Not so. A federal "court must first find it has jurisdiction before it can attempt a certification to [a State's] Supreme Court." *Pannell v. Am. Home Prods. Corp.*, 106 F. Supp. 2d 1240, 1242 (N.D. Ala. 2000); *see also Kaiser v. Mem'l Blood Ctr. of Minneapolis, Inc.*, 938 F.2d 90, 93 (8th Cir. 1991). Because Defendants' pending motions to dismiss challenge the Court's jurisdiction, Plaintiffs would have to succeed in opposing those motions before the issue of certification would be ripe.

As explained in Defendants' motions to dismiss, this Court lacks jurisdiction over Plaintiffs' claims. Even assuming this Court were to conclude that it has jurisdiction to reach the merits of Plaintiffs' claims, it is federal law—not state law—that governs the interpretation and validity of the Third Amendment. FHFA Opening Br. 26-28; Treasury Opening Br. 22-28. Only if the Court finds that state law applies here should certification even be considered. Plaintiffs' certification requests fail on this basis alone.

## II. Resolution of the Proposed Question is Unlikely to Have Relevance Beyond this Case

Even if Plaintiffs could show that the questions on which they seek certification are outcome determinative, federal courts regularly resolve state law issues that are outcome determinative. *See, e.g.*, *Hafford v. Equity One, Inc.*, No. CIV.A. AW-06-0975, 2008 WL 906015, at *4 (D. Md. Mar. 31, 2008) (deciding the "sole remaining legal issue" requiring interpretation of Maryland law). Indeed, federal courts have an obligation to adjudicate issues properly before them. *W. Am. Ins. Co.*, 673 F. Supp. at 764. This includes issues of first impression. *See, e.g.*, *Burke v. THOR Motor Coach, Inc.*, 113 F. Supp. 3d 863 (E.D. Va. 2015) (interpreting Virginia's "lemon law"). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Rather, federal courts normally should "rule as the highest court of that state would approach the issue." *Remington Arms Co.*, 796 F. Supp. at 119. As the District of Connecticut has noted:

> [A] federal district court in Connecticut must annually decide scores of questions of state law that have never reached the Connecticut Supreme Court. Issues of Connecticut law must also be decided, from time to time, by other federal trial and appellate courts. It would impose an unreasonable and unnecessary burden on the Connecticut Supreme Court if the certification process were to be invoked routinely whenever a federal court was presented with an unsettled question of Connecticut law.

*L. Cohen & Co. v. Dun & Bradstreet, Inc.*, 629 F. Supp. 1419, 1422-23 (D. Conn. 1986).

Thus, in addition to being outcome determinative, the question sought to be certified must also have broad impact: "[q]uestions with little significance beyond the immediate case are unlikely to merit certification. By contrast, novel, dispositive and difficult questions with wide impact are prime candidates for certification." *W. Am. Ins. Co.*, 673 F. Supp. at 764 n.6 (citing *Sch. Bd. of the City of Norfolk v. U.S. Gypsum Co.*, 360 S.E.2d 325 (Va. 1987)). Plaintiffs

4

themselves note this requirement, Pls.' App. for Cert. 13, but fail to substantively address it beyond their *ipse dixit* statement that the questions they seek to have certified have broad implications. Pls.' App. for Cert. 13-14.

The questions Plaintiffs seek to certify do not have broad implications. This case does not involve novel issues of first impression likely to have broad implications beyond this case, such as the application of recent precedent of the court to which a case would be certified or the interpretation of a newly enacted statute. *See, e.g.*, *State v. Cohen*, 604 A.2d 846, 849 (Del. 1992) (accepting certification "to resolve important issues regarding the construction and constitutionality of the new law"); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 56 F. Supp. 3d 568, 575 (S.D.N.Y. 2014).

Rather, to the extent the questions Plaintiffs seek to have certified can be considered novel, it is because they involve the Government's infusion of billions of taxpayer dollars to support two enterprises critical to the national economy. Plaintiffs assert that "such precedent would *appear* to extend equally to corporations not under conservatorship and without the federal government as their senior preferred stockholder." Pls.' App. for Cert. 5 (emphasis added). But Plaintiffs do not and cannot credibly claim that a ruling on their proposed certified questions would affect anyone beyond the litigants in these cases. This unique fact pattern is unlikely to recur. *See Mondzelewski v. Pathmark Stores, Inc.*, No. CIV. A. 96-359 MMS, 2000 WL 654137, at *17 n. 17 (D. Del. Mar. 20, 2000) (deciding "whether the Delaware Supreme Court would have recognized a common law cause of action for workers' compensation retaliation" in part because "arguably, certification of a question of law is inappropriate in cases, such as this one, where such question of law is not likely to recur.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' application for certification should be denied.

Dated: February 16, 2016.

/s/ *Robert J. Stearn, Jr.*
Robert J. Stearn, Jr. (DE Bar No. 2915)
Robert C. Maddox (DE Bar No. 5356)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
stearn@rlf.com
maddox @rlf.com
*Attorneys for Defendants Federal Housing Finance Agency, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation*

Benjamin C. Mizer
Principal Deputy Assistant Attorney General

Diane Kelleher
Assistant Branch Director

/s/ *Thomas D. Zimpleman*
Deepthy Kishore
Thomas D. Zimpleman
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
(202) 514-8095
thomas.d.zimpleman@usdoj.gov

Charles M. Oberly III
United States Attorney

Jennifer L. Hall
Assistant United States Attorney
*Attorneys for Defendant U.S. Dept. of the Treasury*

Howard N. Cayne (admitted *pro hac vice*)
Asim Varma (admitted *pro hac vice*)
David B. Bergman (admitted *pro hac vice*)
Arnold & Porter LLP
601 Massachusetts Avenue
Washington, DC 20001
(202) 942-5000
Howard.Cayne@aporter.com
Asim.Varma@aporter.com
David.Bergman@aporter.com
*Attorneys for Defendant Federal Housing Finance Agency*

Michael Joseph Ciatti (admitted *pro hac vice*)
Graciela Maria Rodriguez (admitted *pro hac vice*)
King & Spalding LLP
1700 Pennsylvania Avenue N.W.
Washington, DC 20006
(202) 626-5508
mciatti@kslaw.com
gmrodriguez@kslaw.com
*Attorneys for Defendant Federal Home Loan Mortgage Corporation*

Paul D. Clement (admitted *pro hac vice*)
D. Zachary Hudson (admitted *pro hac vice*)
Bancroft PLLC
500 New Jersey Avenue NW, 7th Floor
Washington, DC 20001
(202) 640-6528
pclement@bancroftpllc.com
zhudson@bancroftpllc.com
*Attorneys for Defendant Federal National Mortgage Association*