IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID JACOBS and GARY HINDES, on            )
behalf of themselves and all others similarly  )
situated, and derivatively on behalf of the    )
Federal National Mortgage Association and   )
Federal Home Loan Mortgage Corporation,    )
                                            )
            *Plaintiffs,*                    )            Civ. No. 15-708-GMS
                                            )
    v.                                      )
                                            )
THE FEDERAL HOUSING FINANCE               )
AGENCY, in its capacity as Conservator of   )
the Federal National Mortgage Association   )
and the Federal Home Loan Mortgage         )
Corporation, and THE UNITED STATES        )
DEPARTMENT OF THE TREASURY,              )
                                            )
            *Defendants,*                    )
                                            )
    and                                     )
                                            )
THE FEDERAL NATIONAL MORTGAGE          )
ASSOCIATION and THE FEDERAL HOME        )
LOAN MORTGAGE CORPORATION,              )
                                            )
            *Nominal Defendants.*            )

## MEMORANDUM ORDER

Pending before the court are motions to dismiss for lack of subject matter jurisdiction and

failure to state a claim filed by Defendants (D.I. 17, D.I. 19) and a motion for leave to amend the

complaint filed by Plaintiffs (D.I. 48). Plaintiffs have not previously amended or sought leave to

amend the Complaint. This case is still in its earliest stages; no discovery has been taken; and the

complaint has not been answered. (D.I. 53 at 1). To the extent there has been little activity in this

case since the complaint was filed on August 17, 2015 (D.I. 1), it can be largely attributed to the

stay imposed while Defendants unsuccessfully moved to transfer the case to a multidistrict litigation court (D.I. 39, Minute Entry on Mar. 28, 2016).

Leave to file an amended complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* Defendants primarily oppose the amendment based on same arguments raised in their pending motions to dismiss. (D.I. 52). These arguments are more appropriately considered upon renewal of Defendants' motion to dismiss or a motion for summary judgment. *See Summerville v. Gregory*, 2015 WL 4623515, at *3 (D.N.J. Aug. 3, 2015) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss."); *Atkins v. Astrue*, 2011 WL 1335607, at *4 (N.D. Cal. Apr. 7, 2011) (granting motion to amend, because the time to resolve a dispute over subject matter jurisdiction "is not in conjunction with the motion for leave to amend," but in conjunction with a motion to dismiss). Defendants have not shown "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Finally, Plaintiffs assert that notice of the amendment is required pursuant to Fed. R. Civ. P. 23.1, because two derivative claims (Counts IX and X) will be dropped from the amended complaint. (D.I. 48 at 8). Those counts allege that the "Net Worth Sweep," as that term is defined in the complaint, "constituted an unfair, self-dealing transaction" with the U.S. Department of Treasury, the controlling stockholder of Fannie Mae and Freddie Mac. (D.I. 48, Ex. B ¶¶ 173,

2

184). The amended complaint will preserve Counts I and II, direct and derivative claims alleging that the Net Worth Sweep is invalid as a matter of state statutory law. (*Id.* at ¶¶ 173, 184). It will also add two direct and derivative claims alleging that the Net Worth Sweep allowed Treasury to be unjustly enriched at the expense of Frannie Mae and Freddie Mac's other stockholders. (*Id.* at ¶¶ 96, 103). In effect, Plaintiffs analogize the filing of the amended complaint to a voluntary dismissal of the derivative claims pursuant to Fed. R. Civ. P. 41(a)(1). The court is not entirely convinced that is the case here where Plaintiffs still seek relief based on the same transactions and occurrences, just under different legal theories. Accordingly, the court finds that notice under Fed. R. Civ. P. 23.1 is not required under these circumstances.

NOW, THEREFORE, at Wilmington this 24th day of February, 2016, it is HEREBY ORDERED that:

1.     Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs' motion for leave to file a first amended complaint (D.I. 48) is **GRANTED**.

2.     Defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state claim (D.I. 17, D.I. 19) are **DENIED** as moot.

United States District Judge