**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DAVID JACOBS and GARY HINDES, on behalf of themselves and all others similarly situated, and derivatively on behalf of the Federal National Mortgage Association and Federal Home Loan Mortgage Corporation,<br><br>   *Plaintiffs*,<br> v.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation, and THE UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>   *Defendants*,<br> and<br><br>THE FEDERAL NATIONAL MORTGAGE ASSOCIATION and THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>   *Nominal Defendants*. | Civil Action No.: 15-708-GMS<br><br><br><br>**CLASS ACTION**<br><br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
JUDICIAL NOTICE OF DOCUMENTS OR, IN THE ALTERNATIVE,
TO STRIKE CERTAIN ARGUMENTS IN DEFENDANTS' BRIEFING IN
<u>SUPPORT OF THEIR MOTIONS TO DISMISS</u>**

  Plaintiffs moved the Court to take judicial notice of certain documents recently made public that contradict factual assertions Defendants made in connection with their pending motions to dismiss (D.I. 65 and 67) or, in the alternative, to strike those factual arguments set forth in Defendants' briefs (which are not based on anything alleged in the First Amended Complaint). D.I. 75 ("Motion").

There is nothing complicated about Plaintiffs' request. The only reason this Motion became necessary is that, during a meet-and-confer teleconference, Defendants refused to agree to withdraw factual arguments contained in their briefs concerning the supposed underlying purpose for implementing the Net Worth Sweep and further refused to agree that they would not continue to assert those factual arguments in support of their motions to dismiss. Those arguments are not based on anything in Plaintiffs' First Amended Complaint (D.I. 62) and are contradicted by Defendants' own contemporaneous documents that have now become public. Defendants argue that they should be able to assert these factual arguments about their purported reasons for implementing the Net Worth Sweep as a basis for dismissal, even though the arguments are not based on anything in the First Amended Complaint. Yet at the same time, Defendants contend that Plaintiffs are somehow inappropriately invoking facts outside the pleadings merely because Plaintiffs have requested either judicial notice of Defendants' own contradictory documents that have recently been made public or that the Court simply preclude Defendants' reliance on the demonstrably false factual assertions that are not based on anything in the First Amended Complaint.

Defendants cannot have it both ways. Either Defendants' factual arguments regarding the motivation for the Net Worth Sweep should be ignored, or the Court should have the complete story from Defendants' own public documents.

Defendants argue that the Net Worth Sweep was necessary to end the practice of borrowing money from Treasury to pay the 10% dividend. *See* Motion at 5. Defendants allege they are allowed to continue to make this factual argument and apparently that the Court is required to accept Defendants' assertions as true, even though the facts alleged in the First Amended Complaint do not support those assertions. Indeed, Defendants *continue to maintain*

their improper factual argument in their oppositions to Plaintiffs' Motion, asserting that it is "accurate" and "does not conflict with the Amended Complaint." Treasury's Opposition, D.I. 76 at 2 n.2; FHFA's Opposition, D.I. 77 at 5-6. But in their motion to dismiss briefing, Treasury and FHFA each cited only to a single paragraph of the First Amended Complaint (¶ 37 and ¶ 42, respectively) in support of their factual argument that the Net Worth Sweep was necessary because the Companies were unlikely to ever be able to generate earnings sufficient to pay quarterly cash dividends to Treasury and thus would be forced to borrow funds continually from Treasury in order to pay the dividends back to Treasury. Paragraph 37 of the First Amended Complaint alleges:

> Under the initial PSPAs, Treasury committed to make quarterly payments to the Companies to ensure that the Companies would maintain at least a zero net worth. Each quarter, FHFA looked to each Company's financial statements to determine if its liabilities exceeded its assets. If so, FHFA would request that Treasury draw down the Company's funding commitment and provide funds equal to the net worth deficit. The draws taken by Fannie Mae and Freddie Mac largely were necessitated by the tax write-downs and increases in loss reserves, which had greatly depleted their balance sheets. As noted, each quarterly payment made pursuant to a draw-down increased the aggregate liquidation preference of the Senior Preferred Stock on a dollar-for-dollar basis.

Paragraph 42 alleges:

> These reasonable expectations of the Companies' stockholders were soon dashed, however, due to the federal government's self-dealing. To capitalize on the Companies' strong recovery (and ensure that their stockholders could not capitalize on it), Treasury and FHFA decided to amend the PSPAs such that rather than taking 10% of the liquidation preference as a dividend, Treasury would instead take the entire positive net worth of each of Fannie Mae and Freddie Mac each quarter in perpetuity. No consideration was paid to the Companies or their stockholders in exchange for the Net Worth Sweep.

3

As is obvious, neither of those Paragraphs of the First Amended Complaint supports the factual argument Defendants make. Thus, Defendants are attempting to improperly raise a factual argument finding no basis in the First Amended Complaint. It is only fair to consider Defendants' own documents that contradict their assertions, or strike Defendants' assertions from their briefs.

Defendants further argue that the Court lacks authority to take judicial notice of Defendants' own contradictory statements because, they now claim, Defendants' motives are irrelevant to the pending motions to dismiss. D.I. 77 at 4-5 ("[W]hether Defendants executed the Third Amendment for nefarious or noble reasons makes no difference to the merits of Plaintiffs' claims…."); D.I. 76 at 4 ("No further scrutiny of purported 'factual arguments' in a motion to dismiss is necessary or appropriate…."). If Defendants' motives are irrelevant, then the Court should easily grant the Motion to strike Defendants' factual arguments concerning their motives, particularly given that Defendants' own documents contradict them.

Defendants do not dispute that the documents cited in Plaintiffs' Motion directly contradict any argument that the Net Worth Sweep was supposedly imposed to stop the practice of the Companies borrowing money from Treasury each quarter to pay the dividend. If there is no dispute over this matter, Defendants, with the candor owed to the Court, should make that clear. In other words, Defendants should state that their motions to dismiss no longer rely on any factual justification for the Net Worth Sweep. Defendants should not be allowed to make arguments based upon purported matters outside the First Amended Complaint but refuse to allow the Court to take judicial notice of documents that directly refute those same arguments.

Although they oppose Plaintiffs' Motion, Defendants also attempt to argue that their briefs do not actually make the factual argument concerning their motives that Plaintiffs contend they have made. As noted above, that is not the case. *See* Treasury's Opposition, D.I. 76 at 2

n.2; FHFA's Opposition, D.I. 77 at 5-6. If Defendants are not in fact asserting the factual argument about their motives in support of the motions to dismiss, then Defendants should simply confirm that they do not intend to rely upon or continue to press their contention that the Net Worth Sweep was justified for the reasons they express in their briefs; no opposition to the present Motion would be required. But Defendants' briefs in support of the motions to dismiss do make the very factual argument Defendants now contend they have not made. FHFA incorrectly contends that Plaintiffs refer to only two sentences in FHFA's brief and that the factual argument about FHFA's motives is not contained in those two sentences. But Plaintiffs have referred to the full paragraph of which those sentences are a part, and a plain reading of that paragraph makes it obvious that FHFA alleges that the Net Worth Sweep was implemented to eliminate the need to continually borrow to pay a 10% fixed dividend. D.I. 68 at 9 ("The Third Amendment eliminated the payment of a fixed dividend…."). Treasury's argument is even more obvious. After explaining the alleged problem the original Preferred Stock Purchase Agreement created by requiring the Companies to borrow funds from Treasury to pay the 10% fixed dividend each quarter,[1] Treasury further argues that the Net Worth Sweep "eliminated" that problem. The only conclusion a reader can reach is that Defendants are continuing to assert as a basis for seeking dismissal a factual argument that the Net Worth Sweep was in fact designed and intended to take care of the alleged problem. D.I. 66 at 8-9.

  The Court should either strike Defendants' factual arguments or preclude Defendants from continuing to assert them or, alternatively, if the Court considers Defendants' factual

---

[1] "[E]ach instance of Treasury providing funds to the enterprises to pay quarterly dividend obligations back to Treasury increased the liquidation preference even further." D.I. 66 at 8.

allegations from outside the First Amended Complaint, in fairness the Court should take judicial notice of Defendants' own documents that contradict their arguments.

                          POTTER ANDERSON & CORROON LLP

                    By:   */s/ Myron T. Steele*
                          Myron T. Steele (DE Bar No. 000002)
                          Michael A. Pittenger (DE Bar No. 3212)
                          Christopher N. Kelly (DE Bar No. 5717)
                          Alan R. Silverstein (DE Bar No. 5066)
                          1313 North Market Street, 6th Floor
                          Wilmington, DE 19801
                          (302) 984-6000
                          msteele@potteranderson.com
                          mpittenger@potteranderson.com
                          ckelly@potteranderson.com
                          asilverstein@potteranderson.com

                          *Attorneys for Plaintiffs*

Dated: September 29, 2017
5417458/42717